1 P.3d 578 (2000)
SEATTLE PROFESSIONAL ENGINEERING EMPLOYEES ASSOCIATION, an Unincorporated voluntary association; Victoria Beach, William Osborn, Todd Ritcheson, and Brant Castelton, individuals, on behalf of themselves and all person similarly situated, Petitioners, and
Department of Labor and Industries, State of Washington, Petitioner,
v.
The BOEING COMPANY, Respondent/Cross-Petitioner.
No. 67519-8.
Supreme Court of Washington.
April 25, 2000.

ORDER CHANGING OPINION
GUY, Chief Justice.
It is hereby ordered that the opinion in the above cause, as the same appears at 139 Wash.2d 824, 991 P.2d 1126, be changed as follows:
1. In the 13th line from the bottom of page 826 [1st column, first full paragraph, line twelve of page 1128 of 991 P.2d] the citation "RCW 49.46.080" is deleted and the citation "RCW 49.46.090" is inserted in its place.
2. In the first and second lines from the top of page 829 [1st column, second full paragraph, lines 9 & 10 of page 1129 of 991 P.2d] the words "on the basis of an eight-hour day" are deleted.
3. The final sentence of footnote 2 at the bottom of page 829 [2nd column, bottom of page 1129 of 991 P.2d] is deleted, and the following sentence is inserted in its place: "The trial court disposition of the fee issue is not of record."
4. In the second line from the bottom of footnote 5 on page 834 [2nd column, bottom of page 1132 of 991 P.2d] the words "employees are" are deleted and the words "employees, unless specifically exempt, are" are inserted in their place.
5. In the sixth and fifth lines from the bottom of page 835 [2nd column, second full paragraph, line four of page 1132 of 991 P.2d] the words "`employed' at the time they attended" are deleted and the words "compensated for attending" are inserted in their place.
6. The text beginning with the word "If" in the fourth line from the top of page 836 and ending with the word "statute." in the 12th line from the top of page 836 [2nd column, second full paragraph, lines thirteen thru twenty four of pages 1132 & 1133 of 991 P.2d] is deleted, and the following text and footnote are inserted in its place:
Contrary to the employees' assertions, Boeing's failure to pay those exempt employees for attending orientation does not abrogate their salaried status. In fact, "[f]ailure to pay the full salary in the initial or terminal week of employment is not considered inconsistent with the salary basis of payment." 29 CFR § 541.118(c).7 Consequently, those executive, administrative, or professional employees who attended orientation without compensation remain exempt employees under the WMWA.
7 No Washington authority has defined the "salary basis" element of the executive, administrative, or professional employee exemption to the MWA. Tift v. Professional Nursing Servs., Inc., 76 Wash.App. 577, 583, 886 P.2d 1158, review denied, 127 Wash.2d 1007, 898 P.2d 309 (1995). "Because the MWA is based upon the Federal Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., federal cases and interpretations are deemed to be persuasive but not controlling upon Washington courts." Id. (footnote omitted) (citing Chelan County Deputy Sheriffs' Ass'n v. Chelan County, 109 Wash.2d 282, 291, 745 P.2d 1 (1987)). See also Xieng v. Peoples Nat'l Bank, 120 Wash.2d 512, 531, 844 P.2d 389 (1993) ("in the absence of adequate state authority, federal authority is persuasive").
7. In the 12th line from the top of page 836 [1st column, line four of page 1133 of 991 P.2d] the word "The" is deleted and the words "Thus, the" are inserted in its place.
8. Footnote reference number 7 in the seventh line from the bottom of page 837 [991 P.2d at page 1133] and footnote 7 at the *579 bottom of page 837 [991 P.2d at page 1133] are renumbered footnote 8.
9. Footnote reference number8 in the third line from the top of page 839 [991 P.2d at page 1134] and footnote 8 at the bottom of page 839 [991 P.2d at page 1134] are deleted.